MILLIER LAW, INC.
JENNIFER M. MILLIER (SBN 253814)
10100 Venice Boulevard
Culver City, CA 90232
Telephone: 310.579.9550
Email: jennifer@millierlaw.com



FILED
FEB 19 2019
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

Attorney for Creditor
ACE FUNDING SOURCE, LLC

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>VARIO CORP.,<br><br>Debtor.<br><br>―――<br><br>ACE FUNDING SOURCE, LLC, a New York limited liability company,<br><br>Plaintiff and Creditor,<br><br>v.<br><br>VARIO CORP., a California corporation, and Does 1-10,<br><br>Defendants and Debtors. | Case No. 6:18-bk-19730-WJ<br>Chapter 11<br><br>**CREDITOR ACE FUNDING SOURCE, LLC'S COMPLAINT FOR NON-DISCHARGEABILITY OF DEBT AND OBJECTION TO DISCHARGE PURSUANT TO 11 U.S.C. §§ 523 AND 727, ET SEQ.**<br><br>~~HEARING DATE: MARCH 28, 2019~~<br>~~HEARING TIME: 1:30 PM~~<br>~~HEARING DEPT.: 304~~<br>~~LOCATION: 3420 TWELFTH STREET RIVERSIDE, CA 92501~~<br><br>Petition filed November 16, 2018<br>Objections due February 19, 2019<br>Meeting of Creditors March 7, 2019 |

BY FAX

1

CREDITOR ACE FUNDING SOURCE, LLC'S COMPLAINT FOR NON-DISCHARGEABILITY OF DEBT AND OBJECTION TO DISCHARGE PURSUANT TO 11 U.S.C. §§ 523 AND 727, ET SEQ.

## SUMMARY OF CLAIMS

1. Less than three weeks before it filed for voluntary Chapter 11 bankruptcy, defendant and debtor Vario Corp. obtained $125,000 from plaintiff and creditor Ace Funding Source, LLC ("AFS") through fraudulently misrepresenting material facts and affirming to AFS that it was not contemplating bankruptcy – or had even consulted with a bankruptcy attorney six months prior to obtaining the $125,000. These misrepresentations were patently false and induced AFS into providing the $125,000, which it never would have had it known about Vario Corp.'s plotted bankruptcy. AFS relied on Vario Corp.'s misrepresentations to its detriment and now asks this Court for an order finding that the debt owed to AFS – now totaling $241,459.07 – is non-dischargeable, along with all other available relief and damages.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to the United States Bankruptcy Code, 11 U.S.C. § 523, et seq.; 11 U.S.C. § 727, et seq.; 28 U.S.C. § 1331; and/or 28 U.S.C. § 1334. This adversary proceeding relates to this case under Chapter 11 of the Bankruptcy Code, now pending in this Court. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1); 28 U.S.C. § 1391(b)(2); and/or 28 U.S.C. § 1391(b)(3).

## PLAINTIFF

4. Plaintiff Ace Funding Source, LLC ("Plaintiff") is a limited liability company duly organized under the laws of the state of New York with a principal place of business in Jericho, New York. Plaintiff is a creditor of debtor/defendant, having a claim with an outstanding balance in the amount of $241,459.07.

## DEFENDANT

5. Plaintiff is informed and believes, and on that basis alleges, that defendant Vario Corp. ("Defendant") is a corporation organized under the laws of the

2

state of California with its principal place of business in Chino, California. Defendant is a debtor of Plaintiff.

## STATEMENT OF FACTS[1]

6. In or around October 2018, AFS received an application from debtor Vario Corp. seeking $125,000.00 from AFS in exchange for the sale of debtor Vario Corp.'s future receipts. AFS provided this $125,000.00 to debtor Vario Corp. on or about October 31, 2018 pursuant to the terms of a written agreement for the purchase and sale of future receipts (the "AFS Agreement"). A true and correct copy of the AFS Agreement is attached hereto as Exhibit 1. Per Section 13.7 of the AFS Agreement, debtor Vario Corp. affirmed that as of the date of the AFS Agreement, Vario Corp. "is not insolvent and does not contemplate and has not filed any petition for bankruptcy protection under any Title of the United States Code and there has been no involuntary petition brought or pending against [Vario Corp.]." Vario Corp. further represented that "it has not consulted with a bankruptcy attorney within six months prior to the date of this Agreement" and "further warrants that it does not anticipate filing a bankruptcy petition and it does not anticipate that an involuntary petition will be filed against it." *See* AFS Agreement at Section 13.7 "No Pending or Contemplated Bankruptcy."

7. Following execution of the AFS Agreement, AFS provided debtor Vario Corp. with $125,000.00. AFS filed a UCC Financing Statement reflecting this indebtedness on or about November 16, 2018 ("AFS UCC Financing Statement"). A true and correct copy of the AFS UCC Financing Statement is attached hereto as Exhibit 2.

8. After AFS provided debtor Vario Corp. with $125,000.00 per the terms of the AFS Agreement, AFS received just two payments from debtor Vario Corp.

---

[1] All statements in this Statement of Facts are contained in the accompanying "DECLARATION OF CREDITOR ACE FUNDING SOURCE, LLC'S HENRY GUTMAN IN SUPPORT OF COMPLAINT FOR NON-DISCHARGEABILITY OF DEBT AND OBJECTION TO DISCHARGE PURSUANT TO 11 U.S.C. §§ 253 AND 727, ET SEQ.," filed concurrently herewith.

before Vario Corp. ceased payments altogether. This constituted a default under the terms of the AFS Agreement. Therefore, AFS obtained a Judgment by Confession from the Supreme Court of the State of New York, Ontario County, entered on or about November 19, 2018 ("AFS Judgment"). A true and correct copy of the AFS Judgment is attached hereto as Exhibit 3. The total amount of the AFS Judgment, including the amount confessed (less payments received), attorney's fees confessed, costs by statute and filing fee, totals $241,459.07.

9. After AFS obtained its AFS Judgment against Vario Corp., AFS discovered that Vario Corp. had filed this voluntary Chapter 11 bankruptcy proceeding. AFS would <u>never</u> have provided Vario Corp. the $125,000.00, or any amount, had it known that Vario Corp. was all the while planning to file for bankruptcy. AFS would be severely prejudiced if it were forced to wait in line with other creditors (or worse, get behind other creditors). AFS believes that Vario Corp. defrauded AFS by misrepresenting its financial condition in order to induce AFS to agree to the terms of the AFS Agreement and provide $125,000.00. Further, Vario Corp. did not list AFS' full address (missing the suite number); the only fair reading and implication from this is that Vario Corp. did not want AFS to be paid.

### FIRST CAUSE OF ACTION
### FRAUD - VIOLATION OF 11 U.S.C. § 523(a)(2)(A)

11 U.S.C. § 523, et seq.

(Against Defendant and Does 1-10)

10. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs 1-9 inclusive, as though fully set forth herein.

11. Pursuant to 11 U.S.C. § 523(a)(2)(A):

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
...
    (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

4

        **(A)** false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an <u>insider</u>'s financial condition; …

12.    Pursuant to 11 U.S.C. 523(c)(1):

Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and <u>after notice and a hearing</u>, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

13.    Plaintiff provided money to Defendant, per the terms of the AFS Agreement, following Defendant's representation and affirmation that it was not contemplating or planning to file bankruptcy, as more specifically described above in Paragraph 6 and in Section 13.7 of the AFS Agreement (Exhibit 1 hereto).

14.    Defendant knew at the time it made this representation (October 31, 2018, the date of the AFS Agreement) that it was false. Court records reflect that Defendant filed for voluntary Chapter 11 bankruptcy just seventeen (17) days later, on November 16, 2018. There is no way that Defendant could have consulted with a bankruptcy attorney, prepared the necessary paperwork and filed for bankruptcy in less than three weeks; Defendant was planning this all along.

15.    Plaintiff reasonably relied on Defendant's false representations in providing Defendant the $125,000 per the terms of the AFS Agreement.

16.    As a direct and proximate result of Defendant's false representations and misconduct, Plaintiff has sustained and will continue to sustain substantial and immediate damages. As a result, Plaintiff is entitled to actual and/or statutory damages against Defendant, in amounts to be determined, but not less than $241,459,07, plus interest, attorney's fees and costs as allowed by law.

///

///

///

## SECOND CAUSE OF ACTION

## FRAUD - VIOLATION OF 11 U.S.C. § 523(a)(2)(B)

11 U.S.C. § 523, et seq.

(Against Defendant and Does 1-10)

17. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs 1-16 inclusive, as though fully set forth herein.

18. Pursuant to 11 U.S.C. 523(a)(2)(B):

**(B)** use of a statement in writing—
  **(i)** that is materially false;
  **(ii)** respecting the debtor's or an insider's financial condition;
  **(iii)** on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
  **(iv)** that the debtor caused to be made or published with intent to deceive; …

19. Pursuant to 11 U.S.C. 523(c)(1):

Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

20. Plaintiff provided money to Defendant, per the terms of the AFS Agreement, following Defendant's material representation and affirmation that it was financially solvent, as more specifically described in Section 13.3 of the AFS Agreement (Exhibit 1 hereto).

21. Defendant knew at the time it made this material representation (October 31, 2018, the date of the AFS Agreement) about its financial condition that it was false. Plaintiff believes that Defendant made this materially false representation in order to deceive Plaintiff and induce it into agreeing to the terms of the AFS Agreement.

22. Plaintiff reasonably relied on Defendant's materially false representations in providing Defendant the $125,000 per the terms of the AFS Agreement.

CREDITOR ACE FUNDING SOURCE, LLC'S COMPLAINT FOR NON-DISCHARGEABILITY OF DEBT AND OBJECTION TO DISCHARGE PURSUANT TO 11 U.S.C. §§ 523 AND 727, ET SEQ.

23. As a direct and proximate result of Defendant's materially false representations and misconduct, Plaintiff has sustained and will continue to sustain substantial and immediate damages. As a result, Plaintiff is entitled to actual and/or statutory damages against Defendant, in amounts to be determined, but not less than $241,459.07, plus interest, attorney's fees and costs as allowed by law.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. For an order finding Plaintiff's claim is non-dischargeable (within the meaning of the United States Bankruptcy Code) and allowing Plaintiff's claims to proceed against Defendant in the appropriate forum, including collection of judgment;

2. For an award of damages according to proof;

3. For the costs of this action;

4. For reasonable attorneys' fees, as provided by law; and

5. For such other and further relief as the Court deems just and proper.

Date: February 18, 2019                MILLIER LAW, INC.

_____
JENNIFER M. MILLIER, ESQ.
Attorney for Plaintiff and Creditor
ACE FUNDING SOURCE, LLC

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> ACE FUNDING SOURCE, LLC | **DEFENDANTS** <br> VARIO CORP. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> MILLIER LAW, INC. <br> 10100 VENICE BOULEVARD, CULVER CITY, CA 90232 <br> (310) 579-9550 | **ATTORNEYS** (If Known) <br> LO & LO LLP <br> 506 N. GARFIELD AVENUE, SUITE 280 <br> ALHAMBRA, CA 91801    (626) 289-8838 |
| **PARTY** (Check One Box Only) <br> ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin <br> ☑ Creditor    ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor    ☐ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

FRAUD - VIOLATION OF 11 U.S.C. 523(a)(2)(A)
FRAUD - VIOLATION OF 11 U.S.C. 523(a)(2)(B)

BY FAX

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☑ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☑ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $241,459.07 |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>VARIO CORP. | BANKRUPTCY CASE NO.<br>6:18-BK-19730-WJ | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT OF CALIFORNIA | DIVISION OFFICE<br>RIVERSIDE | NAME OF JUDGE<br>HON. WAYNE JOHNSON |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>FEBRUARY 18, 2019 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>JENNIFER M. MILLIER | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.